## Smeeth-Harwood Company, Appellee, v. James F. Hutchison, Appellant.

### Gen. No. 17,628.

1. EXECUTIONS—*trial of right of property.* In a proceeding for the trial of right of property, defendant is entitled to show that plaintiff's title is founded in fraud.

2. CORPORATIONS—*where seller acts as buyer for corporation.* Where the seller acts as buyer for a corporation, a ratification by subsequent acts of the corporation may be shown, but acts done by or under the direction of such individual acting as an officer of the corporation are not conclusive.

3. FRAUD—*in sale to corporation by officer.* Where an officer sells an automobile to the corporation, issuing a check of the corporation to himself in payment, and continues to use the car in going to and from the company's plant, there is not such a public transfer as precludes the inference of fraud from the omission to change possession.

4. EXECUTIONS—*trial of right of property.* In a proceeding for the trial of right of property, where a corporation officer, heavily indebted, sells an automobile to the corporation, issuing a check of the corporation to himself in payment, and continues to use the car in going to and from .the company's plant, the company paying for the license and repairs, there is not such proof as shows conclusively a valid transfer, and it is error to direct a verdict for plaintiff.

5. EXECUTIONS—*trial of right of property.* In a trial of right of property there are no written pleadings and a plea of *nul tiel corporation* is properly stricken from the files.

6. EVIDENCE—*trial of right of property.* In a trial of right of property it is error to exclude evidence as to indebtedness of the judgment debtor at the time he transferred the property in question.

Appeal from the County Court of Cook county; the Hon. JOHN E. OWENS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded. Opinion filed December 17, 1912.

A. W. MARTIN and EDWARD H. S. MARTIN, for appellant.

WINSTON, PAYNE, STRAWN & SHAW, for appellee; JOHN D. BLACK and JOHN C. SLADE, of counsel.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

This appeal brings up for review a judgment entered in the County Court of Cook county in a suit for the "trial of right of property," under the provisions of chapter 140-A of the Revised Statutes.

On December 22, 1910, appellant (defendant) obtained judgment in the Circuit Court of Cook county against Edwin E. Smeeth for $1,247.42, and a levy was made by the sheriff on an execution theretofore placed in his hands, upon two automobiles which plaintiff claimed to own. The trial was before the court and a jury. The court, at the close of the evidence, directed the jury to find for the plaintiff. This appeal is taken from the judgment entered upon a verdict rendered in pursuance of such instruction.

The evidence disclosed that one of the motor cars, called a "Fal-Car," was purchased by the plaintiff corporation in September, 1910. The evidence tending to establish this fact consisted of an order given by the Smeeth-Harwood Company to the Fal Motor Company, an invoice by the Fal Motor Company to the Smeeth-Harwood Company for the same, and a canceled check made by the Smeeth-Harwood Company to the Fal Motor Company for the purchase price.

The other machine is known as a Pope-Toledo. To establish its claim to ownership of this machine, the plaintiff introduced a bill of sale from Edwin E. Smeeth to the Smeeth-Harwood Company dated April 9, 1910, and a canceled check drawn on the Prairie National Bank of Chicago to the order of Edwin E. Smeeth for $500, signed "Smeeth-Harwood Co. by E. E. Smeeth, Treasurer." The endorsement of this check indicates that it was paid through the Chicago Clearing House on April 13, 1910. There was testimony tending to show delivery by the Fal Motor Car Company to the Smeeth-Harwood Company at the latter's place of business, of the machine first referred to. As to the Pope-Toledo car, tes-

timony was introduced tending to show that the car was purchased by Smeeth in 1905; that subsequent to that time it was sold by him, and thereafter repurchased (some time in 1909), and that it was owned by him up to the time of the alleged sale to the plaintiff in April, 1910. The testimony further tended to show that the plaintiff had paid for repairs on both cars after the alleged purchase of the Pope-Toledo car, and as to the latter car that a license was issued on May 28, 1910, by the village clerk of Oak Park to the plaintiff, as owner, authorizing it to operate a "seventh class" vehicle in that village, and that the license fee was paid by plaintiff.

We first consider the question as to whether or not the court was justified in directing a verdict. The Smeeth-Harwood Company it appears had as its officers Jennie H. Smeeth, president, and her husband, Edwin E. Smeeth (the judgment debtor), as secretary and treasurer, both of whom were witnesses at the trial, as was also Harvey A. Dissinger, who testified that he was a director of the company. The transaction with reference to the purchase of the Pope-Toledo car on behalf of the company seems to have been conducted by Mr. Smeeth, as secretary and treasurer of the company, with himself, as an individual. He signed the bill of sale, and also, as secretary and treasurer of the company, signed the check issued to himself for the alleged purchase price of the machine, namely, $500.

The plaintiff or claimant in a suit for the "trial of the right of property" is in a similar position to a plaintiff in a suit in replevin. In replevin cases the rule is elementary that where a plaintiff claims to own goods levied on in execution against a third person, it may be shown that plaintiff's title is founded in fraud in fact or fraud in law. Cobbey on Law of Replevin, section 784. Ordinarily a person may not legally purchase on account of another that which he sells on his own account (Michoud v. Cirod, 4 How.

(U. S.) 503), and it has been said that this rule applies especially to directors of a corporation.  Stanley v. Luse, 36 Ore. 25; Cook on Corporations, section 652. It follows in such a case that the transaction may be repudiated by the corporation.  Ratification by subsequent acts may of course be shown, but where those acts are directed to be done or are performed by the vendor himself, acting as the officer of the corporation, they are not conclusive.

The defendant offered to prove that at the time the bill of sale was executed by Smeeth to the Smeeth-Harwood Company, Smeeth was indebted to many persons and in large amounts, and that some of these claims had been reduced to judgment.  This, however, he was not permitted to do.

The machine, prior to the making of the bill of sale, had been used, as the record shows, by Mr. Smeeth and his wife as their own.  The testimony of both Mr. and Mrs. Smeeth is to the effect that after the alleged sale to the corporation, it was used in the business of the corporation, principally in transporting Mr. Smeeth between his house and the manufacturing plant, and in conveying Mrs. Smeeth to places where she needed to go as an officer of the company.  It was kept at night in a barn on premises occupied by them, title to which stood in Mrs. Smeeth.  Mrs. Smeeth testified that she had an active part in the management of the company, but that she did not have a desk at the office of the company; that she was not its manager; that she did not give any orders direct to employees of the company, that her husband was the manager and that he attended to the details.  She further testified in answer to a question that the capital stock of the corporation belonged to her, but the answer was stricken out on motion.

The question of whether or not there was a change of possession of the Pope-Toledo machine is in the case.  It is true that in such circumstances "when the transfer is founded on a good consideration and there

is no intention in fact to defraud creditors, the legal presumption of fraud created by the nondelivery of possession does not arise if the transfer or transaction were a matter of publicity or notoriety.'' And that ''if the assignment be notorious, fraud cannot be inferred from the omission to take possession.'' Chitty on Contracts, 7 Am. Ed. 412. In the case before us it cannot in our opinion be said that the transfer or transaction was a matter of publicity or notoriety. From the testimony of Mrs. Smeeth it would appear that she had nothing to do with the purchase at the time it was said to have been made. There is no proof that it was authorized by the board or that it was known to Dissinger, the third director, if there were but three. This being so, the fact that Smeeth notified the attorney for the defendant and the deputy sheriff when the levy was about to be made that the property belonged to the Smeeth-Harwood Company would not, in our opinion, estop the defendant from claiming and attempting to show that the alleged purchase by the company was fraudulent so far as creditors were concerned. Under the circumstances the defendant should have been allowed to show all of the details of the transaction. It was for the jury to determine whether or not fraud entered into it. We cannot say that the proof shows conclusively, thus making it a question of law, that there was a valid transfer. That being so, the direction of the trial court to the jury to find a verdict for the plaintiff was erroneous. If the original taking was fraudulent, the fact that the company thereafter paid for repairs upon the machine and the license tax is unimportant.

A plea of nul tiel corporation was filed by the defendant but stricken from the files by order of the court. This we think was proper, because in cases of this nature the statute provides that there shall be no written pleadings. We think the court should have permitted the defendant to show the amount of the indebtedness owing by Smeeth at the time the bill of

sale was made. His knowledge was the knowledge of the corporation.

Other matters are discussed in the briefs, but we think it is unnecessary to consider them, as the same questions are not likely to arise upon a retrial.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*